UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-22743-Civ-COOKE/TORRES

EDWARD VILLA,

    Plaintiff,

vs.

AT&T CORP. and BELLSOUTH
TELECOMMUNICATIONS, INC.,

    Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

THIS MATTER is before me on Plaintiff Edward Villa's ("Plaintiff" or "Mr. Villa") Amended Motion for Reconsideration of Order Granting Summary Judgment Against Bellsouth Telecommunications, Inc. ("Motion for Reconsideration") (ECF No. 123). Defendant Bellsouth Telecommunications, Inc. ("Bellsouth") filed its Response in Opposition to Amended Motion for Reconsideration of Order Granting Summary Judgment Against [sic] Bellsouth Telecommunications, Inc. (D.E. 123) (ECF No. 124) asserting that Plaintiff has not made a showing that would justify granting his Motion on any of the grounds in which courts evaluate motions to reconsider.  Plaintiff did not file a reply to Defendant's response, and the time to do so has passed.  Therefore, Plaintiff's Motion for Reconsideration is fully briefed and ripe for adjudication.

I have reviewed the Motion for Reconsideration, the Opposition thereto, my Order Granting Defendant AT&T Corp.'s Renewed Motion for Summary Judgment on Limitations and Lack of Employment Relationship ("Order Granting Summary Judgment") (ECF No. 119), the record, and the relevant legal authorities.  For the reasons provided herein, the Motion for Reconsideration is denied.

## I. LEGAL STANDARD[1]

Federal Rules of Civil Procedure 59(e) permits the amendment or alteration of a judgment if a motion requesting same is filed within 28 days after the entry of the judgment at issue. Fed. R. Civ. P. 59(e). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008). Rather, "[t]here are three grounds which justify the filing of a motion for reconsideration: '1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice.'" *City of Fort Lauderdale v. Scott*, No. 10-61122-CIV, 2011 WL 1085327 (S.D. Fla. March 21, 2011) (quoting *Williams v. Cruise Ships Catering & Service Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004)).

The appellate court reviews a denial of a Rule 59(e) motion only for abuse of discretion. *See Hardy v. Wood*, 342 F. App'x 441, 446 n.5 (citing *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998)).

## II. DISCUSSION

Plaintiff steadfastly maintains that a four-year statute of limitations applies to his claims instead of the one-year statute of limitations I found applicable in my Order Granting Summary Judgment. More specifically, he argues that this Court misinterpreted the reasoning articulated in *Woodham v. Blue Cross & Blue Shield of Florida, Inc.*, 829 So. 2d 891, 894-95 (Fla. 2002). He also argues that the one-year statute of limitations applied in his case violates his due process rights and is contrary to the intent of the Fair Credit Reporting Act ("FCRA"). However, these arguments are the same arguments advanced by Plaintiff in his opposition to summary judgment. None of the grounds raised by Plaintiff relate to any intervening change in law, the availability of newly discovered evidence, or present the need to correct clear error or prevent manifest injustice. Instead, Plaintiff uses his Motion for Reconsideration to simply rehash old arguments already fully addressed by this Court. Therefore, Plaintiff lacks a proper basis for his Motion for Reconsideration to be granted pursuant to Fed. R. Civ. P. 59(e) because he has not presented evidence of an intervening

---

[1] The pertinent facts underlying this action are set forth more completely in my Order Granting Defendant AT&T Corp.'s Renewed Motion for Summary Judgment on Limitations and Lack of Employment Relationship (ECF No. 119). This Order specifically granted Defendant BellSouth's Motion for Summary Judgment on Villa's Disability Discrimination/Retaliation Claim (ECF No. 78).

change in law, any new evidence, or any need to correct clear error or manifest injustice. *Scott*, 2011 WL 1085327 at *1.

### III. CONCLUSION

For the aforementioned reasons, it is hereby **ORDERED and ADJUDGED** that Plaintiff's Amended Motion for Reconsideration of Order Granting Summary Judgment Against Bellsouth Telecommunications, Inc. (ECF No. 123) is **DENIED**.

**DONE and ORDERED** in chambers at Miami, Florida this 25th day of August 2015.

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*